DREW, Justice.
On July 3, 1952, the Circuit Court of Palm Beach County entered a final decree in a county tax foreclosure suit pursuant to the provisions of Section 194.47 et seq., Florida Statutes 195R F.S.A. It was on’ this date that a new, original fee simple title to the subject lands located in the City of Lake Worth, Florida, became vested in the: county for the purposes specified in the Act. See Section 194.53, Florida Statutes 1951, F.S.A.
On February 5, 1953, appellant purchased said lands from the county. His deed was recorded February 5th.
On November 5, 1952, after title vested in the county and before the same was purchased by appellant, the City of Lake Worth filed an improvement lien against the property. Inasmuch as the' record does not show the kind of improvement or the date of its installation, we construe this allegation of the complaint as conceding that both dates were subsequent to the date of the final decree.
The appellant urged, unsuccessfully, in the lower court in suit to quiet title that the lands ' were not sub j ect to a municipal improvement lien during the period of ownership of the lands by the county. He again urges the same position here.
The statutes have so clearly and unequivocally delineated the procedure and the'rights "a'nd’status of parties acquiring rights — or being cut off from rights — that *741 there is little left for construction. On this particular question, there is nothing to be construed. The very keystone of the Act is its various provisions fixing rights, status, etc., as of the date of the final decree. For instance see particularly Section 194.55(5), Florida Statutes 1951,- F. S.A., regarding distribution of the proceeds and Section 194.53, Florida Statutes 1951, F.S.A., and numerous other provisions of this law, all of which lead inescapably to the conclusion that the only rights that are affected are those existing at the date of the final decree. The fact that Cities, Districts, etc., may not levy general taxes after title vests in the county is because of the provisions of the Act, Section. 194.-55(6), and.this language dpes not embrace Special Assessments.
We are no't confronted here with the question of municipal improvement liens on lands owned by the county and held or used for county purposes.
Affirmed.
ROBERTS, C. J., and THOMAS and HOBSON, JJ., concur.